UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BOBBY G. YATES, JR.** | * | **DOCKET NO. 07-0960** |
| **VERSUS** | * | **JUDGE JAMES** |
| **FLEETWOOD TRANSPORTATION SERVICES, INC., ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM RULING AND ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court are the following motions: 1) Motion to Remand [doc. # 18] filed by plaintiff, Bobby G. Yates, Jr. and 2) Motion to Transfer Venue [doc. # 12] filed by defendant, Fleetwood Transportation Services, Inc.[1] For the reasons stated below, the motion to remand is DENIED, and the motion to transfer is GRANTED.

**STATEMENT OF FACTS**

On, or about May 20, 2005, Bobby G. Yates entered into an Owner-Operator Equipment Lease Agreement (the "Agreement") with Fleetwood Transportation Services, Inc. ("Fleetwood"). (Def. Exh. 1).[2] Pursuant to the Agreement, Yates agreed to operate and lease to Fleetwood a 1999 Peterbilt tractor trailer. *Id*. The Agreement was conditioned upon Yates either: 1) furnishing Fleetwood a certificate of insurance demonstrating that he had workers'

---

[1] As these motions are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Unless otherwise stated, references to defendant's exhibits contemplate the exhibits attached to Fleetwood's Response to Plaintiff's Motion to Remand [doc. # 21].

compensation insurance for his employees, 2) furnishing Fleetwood with proof that he had an occupational accident policy with benefits equal to or greater than those required by the Texas Railroad Commission, or 3) subscribing to Fleetwood's Occupational Accident Welfare Benefit Plan, also known as the Occupational Injury Benefit Plan (the "Plan"). (*See*, Fleetwood's Occupational Accident Welfare Benefit Plan Administration Agreement; 2nd Declaration of Tonya Malnar, Def. Exhs. 2 & 5). Yates selected option three, and signed a document acknowledging the terms and conditions of the Plan. *Id*.

On, or about September 3, 2006, Yates sustained serious injuries when he lost control of his vehicle and ran off of the road in Richland Parish, Louisiana. (Petition, ¶¶ 5-6). Yates submitted a claim for benefits under the Plan, but the claim was denied. (*See*, Tonya Malnar Decl., M/Transfer Exh. 4). Accordingly, on May 10, 2007, Yates filed the above-captioned suit against Fleetwood and Philadelphia American Life Insurance Company ("PALIC") in the 6th Judicial District Court for the Parish of East Carroll, State of Louisiana. (Petition).[3] Yates alleged that at the time of the accident he was a Fleetwood employee, and that in lieu of state-mandated workers' compensation coverage, Fleetwood had opted to provide its employees with occupational accident insurance through a policy with PALIC. *Id*. at ¶¶ 3-4.[4] Yates further alleged that PALIC unreasonably and capriciously failed to pay his claim under the insurance policy issued to Fleetwood. *Id*. at ¶ 7. Plaintiff seeks penalties and attorney's fees under

---

[3] The Plan is insured via a policy issued by PALIC. (Malnar 2nd Decl.; Def. Exh. 5).

[4] Texas employers are afforded the option not to carry insurance coverage under the Texas Workers' Compensation Act. *Hernandez v. Jobe Concrete Products, Inc*. 282 F.3d 360, 362 (5th Cir. 2002) (citing Tex. Lab. Code Ann. § 406.002 (Vernon 1996)). The PALIC policy unambiguously states that it is not a contract of workers' compensation insurance. (PALIC polic, Def. Exh. 4).

Louisiana Revised Statute 22:657 for PALIC's alleged unreasonable and capricious failure to pay benefits. *Id*. at ¶ 8, Prayer.

On June 6, 2007, PALIC removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Specifically, PALIC effectively alleged that the Fleetwood Plan is an Employee Welfare Benefit Plan under the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001, *et seq*., and thus plaintiff's claims are completely preempted. (Notice of Removal, ¶¶ 3-4).[5] On August 20, 2007, Fleetwood filed a motion to transfer the case to the United States District Court for the Eastern District of Texas. [doc. # 12]. However, before reaching the merits of the motion to transfer, the undersigned raised *sua sponte* the issue of subject matter jurisdiction. (September 12, 2007, Order).[6] Specifically, the parties were asked to agree whether:

1) the occupational accident insurance policy issued by PALIC is an "employee welfare benefit plan" under ERISA ( *i.e.* is it an ERISA plan)?[7] and

2) plaintiff is a participant or beneficiary under the Plan?

If the parties were unable to agree that the subject plan was an ERISA plan and that plaintiff was a participant or beneficiary under the plan, then the objecting party was directed to file a motion to remand the case to state court for lack of subject matter jurisdiction, 28 U.S.C. § 1447(c). On

---

[5] Fleetwood subsequently joined in the removal. [doc. # 7].

[6] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

[7] Fleetwood has since clarified that the PALIC policy is not an ERISA plan; it merely insures Fleetwood's Occupational Injury Benefit Plan. *See*, discussion, *infra*.

3

September 28, 2007, plaintiff filed the instant motion to remand. On October 11, 2007, Fleetwood filed its opposition memorandum. The motions are now before the court.

## LAW AND ANALYSIS

a) <u>Motion to Remand</u>

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate, Ins. Co.*, 243 F.3d 912 (5th Cir. 2001). The party invoking federal jurisdiction enjoys the burden of establishing federal jurisdiction and must overcome the presumption that the suit lies outside this limited jurisdiction. *Id*. Federal question jurisdiction may be supported under any of the following three theories, 1) when the complaint raises an express or implied cause of action that exists under a federal statute; 2) when an area of the law is completely preempted by the federal regulatory regime; or 3) if the cause of action arises under federal common law principles. *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 924 (5th Cir. 1997). Defendants do not argue that federal question is proper under either the first or third theories. Instead, defendants assert that plaintiff's suit is completely preempted by ERISA. As recognized by the Fifth Circuit,

> [o]rdinarily, preemption of state law by federal law is a defense to a plaintiff's state law claim, and therefore cannot support federal removal jurisdiction under the "well-pleaded complaint" rule. "Complete preemption," in contrast, exists when the federal law occupies an entire field, rendering any claim a plaintiff may raise necessarily federal in character. Because ERISA preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the "well-pleaded complaint" rule.

*Hubbard v. Blue Cross & Blue Shield Ass'n.*, 42 F.3d 942, 945 (5th Cir. 1995)(citations omitted).

"Complete" preemption is not the same as "conflict" or "ordinary" preemption. The former supports federal question jurisdiction, whereas the latter does not. *Vega v. National Life*

*Ins. Services, Inc.*, 188 F.3d 287, 291 (5th Cir. 1999) (*en banc*). Regarding complete preemption, the Supreme Court recently reiterated that "'causes of action within the scope of the civil enforcement provisions of [ERISA] §§ 502(a) [are] removable to federal court.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 2496 (2004) (citing, *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 1548 (1987)). Moreover, ". . . if an individual, at some point in time, *could have brought his claim under ERISA §§ 502(a)(1)(B)*, and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA §§ 502(a)(1)(B)." *Id*. (emphasis added).[8]

---

[8] In his motion to remand plaintiff contends that his petition alleged an additional cause of action against Fleetwood for the customary obligations owed by an employer to its employee. Upon review of the petition, however, the undersigned discerns solely a claim for relief due to the alleged wrongful denial of benefits under the PALIC policy. (*See*, Petition). Such a claim is subject to complete preemption. *See, Davila, supra*, and discussion, *infra*. Nevertheless, even if plaintiff had alleged a claim stemming from Fleetwood's decision not to procure workers compensation insurance, the court could exercise supplemental jurisdiction over that claim, 28 U.S.C. § 1367. *See, Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (as long as one claim is completely preempted by ERISA, the court may exercise supplemental jurisdiction over state law claims); *Hernandez, supra* (once claim properly removed via complete ERISA preemption, the court can exercise supplemental jurisdiction over a non-related negligence claim against the employer); *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 276 (5th Cir. 2004) (complete preemption of one claim permitted court to exercise supplemental jurisdiction over remaining state law claims).

In his supplemental memorandum, plaintiff cited a district court decision which determined that plaintiff's claims were not completely preempted because the defendant owed a legal duty "independent" of ERISA and the plan terms. *Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana,* 2007 WL 1428717, *5 (E.D. La. 05/10/2007) (citing *Davila, supra*). However, the foregoing decision relied on *St. Luke's Episcopal Hosp. v. Acordia Natl.*, which found that at least one of plaintiff's claims was completely preempted by ERISA, and then exercised supplemental jurisdiction over the remaining non-preempted claims. *See, St. Luke's Episcopal Hosp. v. Acordia Natl.*, 2006 WL 3093132, 39 Employee Benefits Cas. 1114 (S.D. Tex. 6/8/2006). *Davila* did not address a situation involving multiple claims, where one of the claims clearly duplicates remedies under ERISA, while another claim remains independent of ERISA. *Davila, supra*. Davila did not address supplemental jurisdiction, and its reference to "no other independent legal duty" cannot be taken out of context.

5

Accordingly, to determine whether the instant suit is subject to complete preemption and thus removable on the basis of federal question jurisdiction, the court must determine whether plaintiff's claims seek relief "within the scope of the civil enforcement provisions of §§ 502(a)." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (*en banc*). In making this determination, the court must examine the plaintiff's petition, the statute upon which his claims are based, and the various plan documents. *Davila, supra.*

The initial inquiry of course, is whether the subject plan is an ERISA plan. If not, then ERISA does not apply, and jurisdiction is lacking. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 976 (5th Cir. 1991). ERISA defines an "employee welfare benefit plan" as,

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . .

29 U.S.C. § 1002(1).

To determine whether a particular set of insurance arrangements constitutes an "employee welfare benefit plan" the court must "ask whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employee benefit plan'--establishment or maintenance by an employer intending to benefit employees." *House v. American United Life Ins. Co.*, ___ F.3d ___, 2007 WL 2473310 (5th Cir. 9/04/2007) (citation omitted).

To answer the first question, the court must determine "whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Hansen*, 940 F.2d at 977 (quoted source

omitted). Fleetwood adduced a document entitled Occupational Injury Benefit Plan for Fleetwood Transportation Services, Inc. (the "Plan"). (Def. Exh. 3). The Plan states that it is a "contract worker benefit plan as defined in Section Three (1) of ERISA." *Id*. at § 7.7. It sets forth the intended benefits (accidental death & dismemberment, medical expenses, and disability benefits); the beneficiaries (Fleetwood contract workers); the source of financing (benefits to be paid out of Fleetwood assets);[9] and the claims procedure. (*See*, Plan, §§ 3.1, 4.1-4.4, 7.1, & 7.6). Thus, there is a plan.

Next, the Department of Labor's "safe harbor" provision precludes a plan from ERISA consideration if "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer receives no profit from the plan. 29 C.F.R. § 2510.3-1(j)). The plan must meet all four criteria to be exempt from ERISA." *House, supra*. The instant plan does not fall within the "safe harbor" provision because, at a minimum, Fleetwood makes financial contributions to the plan. (2nd Malnar Declaration, Def. Exh. 5).

Finally, the plan must also have been established by an employer or employee organization for the purpose of providing benefits for employees. *Hansen*, 940 F.2d at 977-978. The focus of this inquiry is the employer's involvement with the plan administration. *Id*. Some meaningful degree of participation by the employer in the creation or administration of the plan is required with an intent to provide health, accident, or other benefits to employees. *Id*.

The instant plan states that it was established by Fleetwood to provide benefits for its

---

[9] Covered Contract Workers are not permitted to make any contributions to the Plan. (Plan, ¶ 7.2).

7

workers who suffer "accidental on-the-job injuries." (Plan, Preamble, ¶ 1.2). Fleetwood also employed a Benefits and Compliance Manager who retained responsibility for assisting Owner Operators with the necessary claims paperwork. (2nd Decl. of Tonya Malnar, Def. Exh. 5). Moreover, the plan administrator is Fleetwood's Treasurer who is charged with maintaining records of all Plan transactions and accounts. (Plan, § 8; Decl. of Ronnie King, Def. Exh. 6). In sum, the subject plan is an employee welfare benefit plan under ERISA.[10]

The next issue is whether plaintiff is one of the enumerated parties authorized to file suit under the terms of ERISA's civil enforcement statute. Under § 502(a) only participants,[11] beneficiaries,[12] fiduciaries,[13] and the Secretary of Labor are empowered to bring civil actions.

---

[10] ERISA does not apply to plans that are "maintained solely for the purpose of complying with applicable workmen's compensation laws or unemployment compensation or disability insurance laws." 29 U.S.C. § 1003(b)(3). However, because participation in the Texas workers' compensation scheme is voluntary, courts have subjected plans that provide on-the-job accidental injury coverage to ERISA. *Hernandez*, 282 F.3d at 363-364 (and cases cited therein).

[11] A participant is defined as ". . . any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

[12] A beneficiary is ". . . a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

[13]    . . . [A] person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

*See*, 29 U.S.C. § 1132(a); *Tango Transport v. Healthcare Financial Services LLC*, 322 F.3d 888, 891 (5th Cir. 2003); *Gavin North Sherwood Chiropractic Clinic, A.P.C. v. Brower*, 838 F. Supp. 274, 276 (M.D. La. 1993). Defendants do not contend that Yates is a participant, fiduciary, or the Secretary of Labor. (*See e.g.*, Opp. Memo., pg. 8). Rather, Fleetwood argues that Yates is a beneficiary under the Plan.

Participation in the Plan is open to Contract Workers. (Plan, § 3.1). A contract worker includes a person who: "(1) exerts his/her labor in the regular business of the Employer, and (2) receives a contracted stipend for the labor . . ." *Id*. at § 2.11. Likewise, the company will pay benefits to an "employee"[14] who sustains a defined loss. (*See*, PALIC policy; Def. Exh. 4). The evidence supports a finding that plaintiff is a contract worker under the Plan. (*See*, Def. Exh. 1).[15] Because Yates was a person "designated by the terms of the plan who could become entitled to benefits thereunder, he is an ERISA beneficiary." *Hollis v. Provident Life and Acc. Ins. Co.*, 259 F.3d 410, 415 (5th Cir. 2001).[16] Therefore, plaintiff could have brought his claim under ERISA §§ 502(a)(1)(B), and his cause of action is completely preempted by ERISA §§

---

29 U.S.C.A. §§ 1002 (in pertinent part).

[14] An "employee" is defined as a person who is employed in Fleetwood's regular business and is paid for his services. (*See*, PALIC policy; Def. Exh. 4). An employee may include a subcontractor. *Id*.

[15] The Plan excludes coverage for contract workers who reside outside of Texas. (Plan, § 2.7). However, the associated PALIC policy does not contain the same residency requirements. (*See*, PALIC policy, definitions, Def. Exh. 4). In case of conflict between the Plan and the PALIC policy, the latter controls. (Plan, § 9.1).

[16] The fact that plaintiff may be an independent contractor does not preclude him from being a beneficiary under the Plan. *Id*. Furthermore, a "beneficiary" may include the person "whose service resulted in the accrual of benefits." *Hollis, supra*.

9

502(a)(1)(B). *Davila, supra*. Thus, removal was proper, and the court may exercise subject matter jurisdiction, 28 U.S.C. § 1331. *See, Arana, supra*.

b) Motion to Transfer

Fleetwood advances two arguments in support of its motion to transfer. Defendant first argues that transfer is required because the Agreement signed by Yates and Fleetwood contains a forum selection clause which stipulates that venue for any action "to enforce" the Agreement shall lie in a court of competent jurisdiction in Angelina County, Texas. (Def. Exh. 1). However, there is no indication that plaintiff is seeking to "enforce" the terms of the Agreement. Rather, plaintiff is seeking relief for the alleged wrongful denial of benefits under Fleetwood's employee welfare benefit plan, as insured by PALIC. Accordingly, the Agreement's forum selection clause does not govern the instant dispute.

Fleetwood alternatively argues that this matter should be transferred to the United States District Court for the Eastern District of Texas, Lufkin Division for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).[17] The moving party bears the burden of establishing that change of venue is warranted under § 1404(a). *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). Fleetwood's initial hurdle is to demonstrate that the proposed forum is a district where the claim could have been filed. *In re Volkswagen I*, 371 F.3d 201, 203 (5th Cir. 2004). An ERISA action may be brought in a district "where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2). In the case *sub judice*, the Plan is administered in Diboll Texas, and defendant, Fleetwood resides there.

---

[17] The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

(*See*, Plan, §§ 7.7-8.3; Petition, service instructions). Diboll lies in Angelina County, Texas which in turn, falls within the Lufkin Division of the Eastern District of Texas.[18] Accordingly, the Eastern District of Texas is a viable transferee forum under § 1404(a).

A defendant seeking transfer under § 1404(a) must establish "good cause" for the transfer. *In Re: Volkswagen of America Inc.*, ___ F.3d ___, Docket No. 07-40058 (5th Cir. 10/24/2007). To establish "good cause," the moving party must demonstrate that the proposed transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id*. In other words, the plaintiff's choice of forum should not be disturbed unless the transferee forum is "clearly more convenient." *Id*. In this regard, the court must consider a number of private and public interest factors, none of which is dispositive. *In re Volkswagen, I, supra*. The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*

In this ERISA case, the sources of proof will center upon the administrative record and the claim denial process. These sources are located in Texas, with the final authority to construe

---

[18] *See*, http://www.txed.uscourts.gov/Directories/DistrictInformation/Lufkin/LufkinInformation.htm

and interpret the Plan remaining with the Plan Administrator in Diboll, Texas.  (*See*, Plan, §§ 7.7, 8.3).  Typically, evidence in ERISA cases is limited to the administrative record.  However, to the extent that any witnesses are called to testify regarding the claim denial, their cost of attendance will be considerably lessened if the matter is transferred to the Eastern District of Texas.[19]

No public interest considerations favor retaining the suit here.  There is no evidence of court congestion in either district, and there is no evidence of prejudice or delay should the matter be transferred.  There is also little to no local interest in this dispute.  Yates is challenging the denial of benefits by the Plan's insurer.  The decision to deny benefits was made by PALIC in its Houston, Texas office.  (*See*, Malnar Declaration; M/Transfer, Exh. 4).  Defendant, Fleetwood, is headquartered in Diboll, Texas.  Moreover, although Yates resided in Louisiana at the time he filed the instant suit, he has since moved (or is in the process of moving) to Longview, Texas.  *See*, M/Withdraw as Counsel of Record [doc. # 15].[20]  Indeed, plaintiff did not oppose the motion to transfer.

The transferee forum is certainly familiar with governing Supreme Court and Fifth Circuit case law.  Furthermore, because this is an ERISA case, jurors will not be needed, and choice of law issues are non-apparent.[21]  Accordingly, the undersigned finds that the balance of factors clearly favor transfer of this matter to the Eastern District of Texas for the convenience of the

---

[19] There is no indication that the attendance of any non-party witnesses will be required.

[20] Longview, Texas is located within the Eastern District of Texas.

[21] The relationship to the litigation of the community from which jurors will be drawn is a relevant consideration.  *See, In Re: Volkswagen of America Inc.*, *supra*.

parties and witnesses. 28 U.S.C. § 1404(a).

For the foregoing reasons,

Plaintiff, Bobby G. Yates's motion to remand [doc. # 18] is hereby **DENIED**.

Defendant, Fleetwood Transportation Services, Inc.'s motion to transfer [doc. # 12] is hereby **GRANTED**, and this matter is **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Lufkin Division.

**IT IS SO ORDERED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of October, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE